1

2

3

4

5

6

7

8                          **IN THE UNITED STATES DISTRICT COURT**

9                         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11     CYMEYON HILL,                              No.  2:22-CV-1464-TLN-DMC-P

12                      Plaintiff,

13              v.                                 FINDINGS AND RECOMMENDATIONS

14     R. CROSS, et al.

15                      Defendants.

16

17              Plaintiff, a civil detainee proceeding pro se, brings this civil rights action pursuant

18     to 42 U.S.C. § 1983.  Pending before the Court is Defendants' motion to dismiss, which argues

19     for dismissal based on Plaintiff concealing funds on his application to proceed in forma pauperis.

20     ECF No. 26.  Plaintiff filed an opposition, and Defendants filed a reply.  ECF Nos. 27, 28.

21              Because Plaintiff provided false information on his application despite having

22     extensive litigation experience and because Plaintiff failed to account for his finances when given

23     the opportunity to do so, the Court recommends Defendants' motion be granted.

24     / / /

25     / / /

26     / / /

27     / / /

28     / / /

                                                    1

# I. BACKGROUND

## A. Procedural History

Plaintiff filed his motion for leave to proceed in forma pauperis (IFP) on August 3, 2022.  ECF No. 5.  Plaintiff signed the application on July 28, 2022.  Id.  On the application, under penalty of perjury, Plaintiff marked that he had not received any money over the preceding twelve months from any source at all.  Id. at 1.  Plaintiff also marked that he did not have any cash or any assets.  Id.  Plaintiff hand-wrote on his application that he was a civil detainee and so a filing fee is not required.  Id.

The Court granted Plaintiff's request to proceed IFP based on his affidavit that he had no money and no income.  ECF No. 11.  The Court then screened Plaintiff's complaint and found service appropriate for some of the defendants.  ECF No. 12.

## B. Hill v. Allison, No. 2:22-cv-0718-KJM-EFB

Relevant to the present action is Hill v. Allison, No. 2:22-cv-0718-KJM-EFB (PC), a separate action Plaintiff filed four months before the filing of this action.  In Hill v. Allison, Plaintiff, like he did here, declared on his IFP application that he had no assets.  Hill v. Allison, 2023 WL 2602085, at *1 (E.D. Cal. Mar. 22, 2023).  The court took judicial notice of Plaintiff's trust account statement, which had been filed in a separate case.  Id.  The account showed a balance of $5,154.17, and there were several instances showing Plaintiff receiving income through deposits in his account.  Id.  The court ordered Plaintiff to file a sworn statement explaining (1) the source of the funds for the initial balance in his account, (2) what "JPAY" is and whether he receives regular income from it, and (3) the sources of the deposits in his accounts.  Id.  Plaintiff did not comply with the court order, and so the court dismissed the case.  Id.  The court noted "[Plaintiff] also does not provide an explanation of the inconsistency between his IFP application form where he states he has no assets and his trust account statement."  Id.

/ / /

/ / /

/ / /

/ / /

2

1      **C. Plaintiff's Litigation Experience**

2              A PACER search in June 2023 showed that Plaintiff had filed 118 lawsuits in

3      federal court.[1]  ECF No. 24-2 at 11.  Another PACER search in June 2023 showed that Plaintiff

4      had 24 open federal lawsuits.  Id. at 37.

5

6                          **II.  DISCUSSION**

7              A plaintiff may proceed without payment of fees if they submit an affidavit

8      attesting that they cannot pay the fees and they include a statement of their assets.  28 U.S.C.

9      § 1915(a)(1).  However, abuse of an application to proceed without payment merits dismissal of

10     the action.  See 28 U.S.C. § 1915(e)(2)(A).  "[T]he court *shall* dismiss the case at any time if the

11     court determines that the allegation of poverty is untrue." Id. (emphasis added).  "The purpose of

12     [the] provision is to 'weed out the litigants who falsely understate their net worth in order to

13     obtain *in forma pauperis* status when they are not entitled to that status based on their true net

14     worth.'" Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir. 1997) (quoting Matthews v.

15     Gaither, 902, F.2d 877, 881 (11th Cir. 1990)).

16             Dismissal is only appropriate where there is a showing of bad faith; a mere

17     inaccuracy on the application is insufficient to merit dismissal.  Escobedo v. Applebees, 787 F.3d

18     1226, 1234 n.8. (9th Cir. 2015) (finding that dismissal was not justified when the IFP applicant

19     claimed she paid rent when she actually paid a mortgage in an amount that was not "significantly

20     different").  Where there is no showing of bad faith, the court must determine whether

21     considering the facts as a whole, the inaccuracy forecloses IFP eligibility. Camp v. Oliver, 798

22     F.2d 434, 438 (11th Cir. 1986).  Where, however, there is a showing of bad faith, the case may be

23     dismissed with prejudice even if the inaccuracy does not represent a significant amount.  Id. at

24     437-38.  For example, the court in Oliver discussed an instance where bad faith justified the

25     dismissal of an action where the petitioner was a chronic litigant who claimed he had no funds but

26     actually had thirty cents in his account.  Id.

27

28     ───────────────────
       [1]        The Court takes judicial notice of the PACER searches in Defendants' motion.  See Jespersen v.
       Harrah's Operating Co., Inc., 444 F.3d 1104, 1110 (9th Cir. 2006) (en banc).

1    Plaintiff represented to this Court, under penalty of perjury, that as of July 28,

2    2022, he had no savings and received no income in the past twelve months.  ECF No. 5.

3    Plaintiff's claim was demonstrably false.  See ECF No. 26-2 at 9.  Plaintiff's Prisoner Trust Fund

4    Account Statement filed in another case showed that at time of signing the IFP application,

5    Plaintiff had $5,221.90.[2]  Id.  The statement also showed a variety of deposits.  Id.

6    To determine whether Plaintiff was acting in bad faith, the Court considers the

7    amount of money Plaintiff concealed and the amount of his income, Plaintiff's experience as a

8    litigant, and that Plaintiff was put on notice that he had to account for his savings and income but

9    chose not to do so.

10    Plaintiff claimed he had no money, but he indeed had $5,221.90.  See id.

11    Certainly, over five-thousand dollars in savings is no nominal amount – especially when claiming

12    that one is so destitute that they cannot afford to bring suit and so the public and courts should

13    bear the cost.  Plaintiff received $200 income from "JPAY" and $651.47 from "MISC.

14    INCOME."  Id.  Plaintiff regularly withdrew funds from his account— he clearly was aware of

15    the funds.  Id.

16    With over 100 federal lawsuits filed, Plaintiff is an experienced litigator.  See ECF

17    No. 24-2 at 11.  Plaintiff consistently files IFP applications in his lawsuits.  See e.g., Hill v.

18    Martini, et al., 2:22cv01603 (E.D. Cal.); Hill v. McGeffen, et al., 2:22cv01524 (E.D. Cal.); Hill v.

19    Rios, et al., 2:18cv03089 (E.D. Cal.).  Plaintiff is experienced with the IFP system, and has

20    reaped the benefit of it, and so understands that concealing funds (if not caught) could be

21    beneficial to him.

22    The district court in another of Plaintiff's cases ordered Plaintiff to explain the

23    funds in his trust account statement.  Hill v. Allison, 2023 WL 2602085, at *1 (E.D. Cal. Mar. 22,

24    2023).  When Plaintiff ignored the court's order, that case was dismissed.  Id.  Relevant to this

25    case, Plaintiff was put on notice that he had an obligation to explain his funds in light of his IFP

26    application.  See id.  Although given an opportunity and indeed ordered to justify his application,

27    

28    [2]    The Court takes judicial notice of the Prisoner Trust Fund Account filed in Hill v. Lynch, et al., Case No. 2:22-cv-01685-TLN-KJN (E.D. Cal.).  See Fed. R. Evid. 201.

4

1 | Plaintiff did not do so.  See id.

2 | Here, Plaintiff had the additional opportunity to explain his funds and oppose the

3 | motion to dismiss.  Plaintiff, in his opposition, wrote "I do not accept this offer to contract and I

4 | do not consent to these proceedings. Your offer for subject matter jurisdiction is hereby rejected.

5 | See UCC 1-308 Federal Truth and Lending Act." ECF No. 27.  Plaintiff also claimed that per the

6 | Federal Truth and Lending act, he does not have to pay a filing fee because he is a civil detainee.

7 | Id.

8 | Even if Plaintiff did not have to pay a filing fee, that does not excuse his perjury to

9 | the Court.  Of course, Plaintiff must pay a filing fee unless granted IFP status – even as a civil

10 | detainee.  See 28 U.S.C. § 1914(a).  Section 1914, which governs fees in general, makes no

11 | exception for civil detainees.  See id.  Section 1915, which governs IFP status, similarly makes no

12 | exceptions for civil detainees.  See 28 U.S.C. § 1915.  The Federal Truth and Lending Act has no

13 | bearing on filing fees.  See 15 U.S.C. §§ 1601-1667.

14 | This Court finds that Plaintiff was acting in bad faith when he concealed funds on

15 | his IFP application.  Plaintiff concealed a significant amount of funds despite being familiar with

16 | the IFP system and then chose not to explain why he concealed the funds when given the

17 | opportunity to do so.

18 | / / /

19 | / / /

20 | / / /

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

1

### III.  CONCLUSION

2
Based on the foregoing, the undersigned recommends as follows:

3
1.      Defendants' motion to dismiss, ECF No. 26, be GRANTED.

4
2.      This action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(A).

5
These findings and recommendations are submitted to the United States District

6
Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

7
after being served with these findings and recommendations, any party may file written objections

8
with the Court.  Responses to objections shall be filed within 14 days after service of objections.

9
Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

10
Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12
Dated:  October 17, 2023

13
_____
DENNIS M. COTA

14
UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28